IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MANSA MUSA MASSI,                    :          No.  4:CV 06-0034

                                     :

          Plaintiff                  :          Judge Jones

                                     :

          v.                         :

                                     :

D. HOLLENBACH, et al.,               :

                                     :

          Defendants                 :

## ORDER

## February 22, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is Plaintiff Mansa Musa Massi's ("Plaintiff" or

"Massi") Motion for Temporary Restraining Order, or in the Alternative, a

Preliminary Injunction ("the Motion")(doc. 10) filed on February 14, 2006.

Plaintiff seeks to have this Court enter a temporary restraining order without

notice against the Defendants, enjoining them from:

> (1) transferring the Plaintiff from USP Lewisburg, in Lewisburg, Pennsylvania.
> (2) denying Plaintiff religious literature coming from sources other than publishers, book sellers, and book clubs;
> (3) denying Plaintiff secular literature, coming from sources other than publishers, bookstores, or book clubs;
> (4) making Plaintiff consume hot vegetables, breads, and pastries that are prohibited in his religion.

Massi filed a complaint (doc. 1) with this Court on January 6, 2006.  In his

complaint, Massi requests that the Court grant similar, if not identical, relief, to that requested by him in his Motion. Massi also requests monetary relief in his complaint. (Rec. Doc. 1 at 8). It is apparent to the Court that Massi's Motion is an attempt to gain accelerated relief on the claims he raises in his complaint.

**STANDARD OF REVIEW**:

Pursuant to Fed. R. Civ. P. 65(b) a temporary restraining order may be issued without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court, in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. See Friedberg v. Burns, 1993 US Dist. LEXIS 17991, *8 (E.D. Pa 1993)(citing Merchant & Evans, Inc., v. Roosevelt Bldg. Products Co., 963 F.2d 628, 632-633 (3d Cir. 1992).

**DISCUSSION**:

It is apparent to the Court from reviewing the Plaintiff's submissions (docs. 10 and 11) that he does not provide the Court with either an affidavit or a verified complaint, nor does he cite any reasons why notice should not be given to the Defendants. This does not at all appear to be a matter which should implicate

extraordinary relief.  Rather, we note  that the Plaintiff's claims have already been

properly commenced as a civil rights action and that Plaintiff's Motion is an

improper attempt to bypass the normal litigation process and receive unwarranted

accelerated relief.

Therefore, for the foregoing reasons, we shall deny the Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion (doc. 10) is summarily  DENIED.

John E. Jones III
United States District Judge