**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MANSA MUSA MASSI,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 4:06-0034** |
| **v.** | : | **(JONES, D.J.)** |
| | | **(MANNION, M.J.)** |
| **UNIT MANAGER D. HOLLENBACH,** | : | |
| **UNIT MANAGER ADAMI, WARDEN** | | |
| **JOSEPH V. SMITH, REGIONAL** | : | |
| **DIRECTOR D. SCOTT DODRILL,** | | |
| **HARREL WATTS, G. LAPPIN,** | : | |
| **Defendants** | : | |

**REPORT AND RECOMMENDATION**

Before the court is the defendants' motion to dismiss, or in the alternative, for summary judgment. For the following reasons, the court recommends that the defendants' motion be granted in part and denied in part to the extent that the plaintiff's case be allowed to continue only with respect to the plaintiff's claims of a deprivation of his rights stemming from the improper withholding of reading material as against defendants Hollenbach and Adami.

**I.    Procedural History**

The plaintiff, formerly incarcerated at the U.S. Penitentiary at Lewisburg, Pennsylvania, ("USP Lewisburg"), commenced the instant action on January 6, 2006, by filing a complaint pursuant to Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against Warden

Joseph Smith, Unit Managers Dean Hollenbach and John Adami, Federal Bureau of Prisons ("BOP") Northeast Regional Director D. Scott Dodrill, BOP National Inmate Appeals Administrator Harrell Watts, and BOP Director Harley G. Lappin.  (Doc. No. 1.)  In his complaint, the plaintiff, proceeding pro se, alleges that the defendants deprived him of permissible recreational and religious reading material by violating BOP Program Statement ("PS") 5266.10, "Incoming Publications" (Jan. 10, 2003), and violated his religious rights by prohibiting the free exercise of Islam, and that BOP PS 5360.09, "Religious Beliefs and Practices" (Dec. 31, 2004) violates his religious freedom by not providing enough hot food to Muslim prisoners.  (Doc. No. 1.)

By way of response, the defendants moved to dismiss, or, in the alternative, for summary judgment, on May 30, 2006. (Doc. No. 24.)  On June 13, 2006, the defendants submitted a brief in support of the motion and a statement of facts.  (Doc. Nos. 26 & 27.)   The defendants raise four arguments in support of their motion.  First, they contend they are entitled to summary judgment because they are qualifiedly  immune.  Second, they contend that defendants Dodrill and Lappin must be dismissed because the allegations against them are based on the theory of liability of respondeat superior.  Third, they contend that the plaintiff lacks standing to bring the claims concerning Islamic diet.  Finally, they contend that the plaintiff's claim concerning Islamic religious practice is moot.  (Doc. No. 26.)  On July 31, 2006, the plaintiff submitted a brief in opposition to the defendants' motion and a statement of facts.  (Doc. Nos. 31 & 32.)

2

The matter having been briefed, it is ripe for disposition. The court exercises jurisdiction under 28 U.S.C. § 1331. Because of the case's preliminary state, the court will only treat of the arguments relevant to a motion to dismiss and will not consider anything appropriate only to a motion for summary judgment.

## II.   Standard of Review

The defendants' motion to dismiss is brought pursuant to the provisions of Federal Rule of Civil Procedure 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. Dismissal should only occur where it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Accordingly, dismissal is appropriate "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Trump Hotel and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998) (citing ALA, Inc. v. CCair, Inc., 29 F.3d 855, 859 (3d Cir. 1994)).

In deciding a motion to dismiss, the court should generally consider only the allegations contained in the complaint, the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents that the plaintiff has identified as the basis of his claim. See Pension Benefit

Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). When considering a motion to dismiss under Rule 12(b)(6), the important inquiry is not whether the plaintiff will ultimately prevail on the merits of his claim, but only whether he is entitled to offer evidence in support of them. Scheuer v. Rhodes, 416 U.S. 233, 236 (1974).

### III.  Factual Background

With the standard of review for a motion to dismiss in mind, the court has compiled the following factual background from the plaintiff's complaint, matters of public record, and undisputably authentic documents identified by the plaintiff in his complaint. PS 5266.10, which was issued by then-BOP Director Kathleen Hawk Sawyer, provides that "an inmate may receive softcover publications (for example, paperback books, newspaper clippings, magazines, and other similar items) only from the publisher, from a book club, or from a bookstore." PS 5266.10(6)(a)(2). If the softcover publication is no longer available from the publisher, a book club, or a bookstore, the inmate's unit manager may grant the inmate an exception, but only if "the inmate provide[s] written documentation that the publication is no longer available from these sources." PS 5266.10(6)(a)(4).

The inmate attempted to purchase various old hobbyist magazines and books from proper sources, but, through correspondence with the sources, discovered that they were no longer available for sale. (Doc. No. 1 at 2a.) The plaintiff gave the documentation from the sources to his unit manager,

defendant Adami.  Defendant Adami told the plaintiff that he "accepted" the documentation, would process the plaintiff's request, and would issue the plaintiff an "authorization to receive a package."  (Doc. No. 1 at 2a.)  The plaintiff did not receive the form within the next month and questioned defendant Adami about the form.  Defendant Adami told the plaintiff "that he question[ed] the authenticity of the responses from the suppliers."  (Doc. No. 1 at 2b.)  The plaintiff filed a request for administrative remedy in response to defendant Adami's refusal to approve the exception.  Defendants Smith, Dodrill, and Watts upheld defendant Adami's decision by denying the request. (Doc. No. 1 at 2b.)

Later, the plaintiff was moved to a unit managed by defendant Hollenbach.  (Doc. No. 1 at 2b.)  The plaintiff again attempted to receive an exception by presenting defendant Hollenbach with documentation from the suppliers.  (Doc. No. 1 at 2b-2c.)  But defendant Hollenbach "refused to even look at" the documentation.  (Doc. No. 1 at 2c.)  The plaintiff filed two requests for administrative remedy in response to defendant Hollenbach's refusal to approve the exception.  Defendants Smith, Dodrill, and Watts upheld defendant Hollenbach's decision by denying the request.  (Doc. No. 1 at 2c.)

The plaintiff also attempted to receive softcover religious publications from "local, national and international institutions of religious propagation." (Doc. No. 1 at 2, 2c.)  Defendant Hollenbach refused to allow the plaintiff to order the material because it would not come "directly from a bookstore, book club, or publisher.  (Doc. No. 1 at 2c.)  The plaintiff filed a request for

administrative remedy in response to defendant Hollenbach's refusal to allow the plaintiff to order the material. Defendants Smith, Dodrill, and Watts upheld defendant Hollenbach's decision by denying the request. (Doc. No. 1 at 2c.)

While the plaintiff was at USP Lewisburg, defendant Smith issued a policy prohibiting more than two Muslims from praying together outside the chapel. (Doc. No. 1 at 2.) If Muslims violated the policy, they were subject to disciplinary procedures. (Doc. No. 1 at 2c.) Previously, more than two Muslims had been allowed to pray together outside the chapel because the chapel could not accommodate the five daily prayers. (Doc. No. 1 at 2c-2d.) The plaintiff filed a request for administrative remedy in response to defendant Smith's policy. Defendants Dodrill and Watts upheld defendant Smith's policy by denying the request. (Doc. No. 1 at 2d.)

In addition, USP Lewisburg serves inmates on a Muslim diet "all cold raw vegetables," instead of the hot vegetables served to non-Muslim inmates. (Doc. No. 1 at 2d.) The only "warm/hot" food Muslims receive are three to four pieces of kosher meat, which "means that approximately 18 of Muslims' meals are cold year around," which violates Islamic tenets. (Doc. No. 1 at 2d.) The plaintiff claims that the inadequate Muslim diet is served pursuant to pursuant to PS 5360.09, which was issued by defendant Lappin. (Doc. No. 1 at 2d.) However, PS 5360.09 only provides that the BOP will accommodate special religious diets and does not provide for the contents of any religious diet. PS 5360.09(18).

**IV.    Discussion**

Bivens creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).  A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a Bivens claim.  Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001); Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Cyrus v. Hogsten, No. 06-2265, 2007 WL 88745, at *3 (M.D. Pa. Jan. 9, 2007).  To state a claim under Bivens, the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States.  Brown, 250 F.3d at 800; Cyrus, 2007 WL 88745, at *3.

Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance.  C.N. v. Ridgewood Bd. of Educ., 430 F.3d 159, 173 (3d Cir. 2005); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir. 1997), abrogated in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, – U.S. –, 126 S.Ct. 2405 (2006) (citing Rhode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  A defendant who supervised a malfeasor but did not actually inflict the malfeasance is not liable in a civil rights action on a theory of respondeat superior unless he personally directed or had actual

7

knowledge of and acquiesced in the deprivation because such nonfeasance equates personal, affirmative involvement. Robinson, 120 F.3d at 1294; Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999); see Richards v. Pennsylvania, 196 Fed.Appx. 82, 85 (3d Cir. 2006) (not precedential) ("[V]icarious liability is not available in a Bivens action.") (citing Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (collecting cases)). But a defendant who lacked any supervisory power over the malfeasor and who was not personally, affirmatively involved in the malfeasance is not liable in a civil rights action. Robinson, 120 F.3d at 1294.

Here, the court finds with respect to the plaintiff's claims concerning the deprivation of reading materials that defendants Smith, Dodrill, Watts, and Lappin must be dismissed on the basis of lack of personal involvement. The plaintiff's allegations indicate that only defendants Hollenbach and Adami were personally involved in the alleged deprivation because they alone of the defendants allegedly denied the plaintiff reading material in fact permissible under BOP policy. Defendants Smith, Dodrill, Watts, and Lappin are implicated solely on a theory of respondeat superior. Defendants Smith, Dodrill, and Watts denied the plaintiff's request for a remedy, but it does not show personal direction or knowledge and acquiescence to perform a statutory or regulatory duty that may have an adverse affect on an inmate. Defendant Lappin, according to the plaintiff, signed BOP PS 5266.10, but the implementation of a policy is not a proper basis of individual liability in a civil rights action. Accordingly, the court finds that defendants Smith, Dodrill,

Watts, and Lappin were not personally involved in the alleged deprivation of the plaintiff's rights arising from the violation of BOP PS 5266.10 and recommends that the defendants' motion to dismiss be granted and the plaintiff's complaint be dismissed as against these defendants with respect to these claims.

The court finds with respect to the plaintiff's claim concerning the Islamic prayer policy that defendants Hollenbach, Adami, Smith, Dodrill, Watts, and Lappin be dismissed on the basis of a lack of personal involvement. The plaintiff's allegations implicate only defendant Smith in the alleged deprivation because he issued the policy, and the plaintiff does not allege that it was enforced against him by any prison personnel. However, as discussed above, the mere issuance of a policy is not a basis for individual liability in a civil rights action. Furthermore, as discussed above, defendants Dodrill's and Watts's denying the plaintiff's request for a remedy is not a cognizable basis for liability in a civil rights action. There are no allegations against defendants Hollenbach, Adami, or Lappin. Accordingly, the court finds that none of the defendants was personally involved in the alleged deprivation of the plaintiff's rights arising from the Islamic prayer policy and recommends that the defendants' motion to dismiss be granted and the plaintiff's complaint be dismissed as against all defendants with respect to this claim.

The court finds with respect to the plaintiff's claim concerning the Islamic meals that defendants Hollenbach, Adami, Smith, Dodrill, Watts, and Lappin be dismissed on the basis of a lack of personal involvement. The plaintiff's

allegations implicate defendant Lappin alone of the defendants in the alleged deprivation because he issued the policy. The plaintiff claims that it was "enforced by BOP personnel," but does not identify any of the personnel as being the defendants in this action. He also states that he filed a grievance concerning the policy, but does not identify the defendants who denied the grievance. In any case, as discussed above, the denial of a grievance cannot support liability in a civil rights action. Thus, there is no nexus between the alleged deprivation caused by the policy and any of the defendants other than defendant Lappin, and with respect to him, as discussed above, the issuance of a policy is not a basis for individual liability in a civil rights action. Accordingly, the court finds that none of the defendants was personally involved in the alleged deprivation of the plaintiff's rights arising from the Islamic meals policy and recommends that the defendants' motion to dismiss be granted and the plaintiff's complaint be dismissed as against all defendants with respect to this claim.[1]

The courts findings leave only the plaintiff's claims concerning the deprivation of reading material in violation of BOP PS 5266.10 as against defendant Hollenbach and Adami. Under the standard governing the consideration of a motion to dismiss, the court finds that the plaintiff has

---

[1] As an alternative basis for dismissal, the court finds that BOP PS 5360.09 does not in fact provide for the specific contents of an Islamic meal, but rather merely provides that religious prisoners may receive religiously appropriate meals. Accordingly, the plaintiff's claim is without merit, warranting that the defendants' motion to dismiss be granted and the plaintiff's complaint be dismissed as against all defendants with respect to this claim.

pleaded sufficient facts to move ahead on this claim against these defendants. He had specifically pleaded that defendants Hollenbach and Adami refused to grant him an exception to the policy even though he met the criteria to receive an exception. The policy concerns a condition of confinement, which is a proper subject of a civil rights action. Accordingly, the court finds that the pleadings are sufficient to survive a motion to dismiss and recommends that the defendants' motion to dismiss be denied as against defendants Hollenbach and Adami with respect to the plaintiff's claim of a violation of BOP PS 5266.10.

## V.   Conclusion

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

(1).   the defendants' motion to dismiss be **GRANTED** and the plaintiff's complaint be **DISMISSED** as against defendants Smith, Dodrill, Watts, and Lappin with respect to the plaintiff's claims of a deprivation of his rights arising out of the violation of BOP PS 5266.10;

(2).   the defendants' motion to dismiss be **GRANTED** and the plaintiff's complaint be **DISMISSED** as against all defendants with respect to the plaintiff's claim of a deprivation of his rights arising out of USP Lewisburg's Islamic prayer policy;

(3).   the defendants' motion to dismiss be **GRANTED** and the plaintiff's

  complaint be **DISMISSED** as against all defendants with respect to the plaintiff's claim of a deprivation of his rights arising out of the BOP's Islamic meals policy; and,

(4). the defendants' motion to dismiss be **DENIED** as against defendants Hollenbach and Adami with respect to the plaintiff's claims of a deprivation of his rights arising out of the violation of BOP PS 5266.10.

              _____
              **MALACHY E. MANNION**
              United States Magistrate Judge

Date: February 2, 2007

C:\Documents and Settings\scott\Local Settings\Temp\notesCDEF00\06-0034.01.wpd