IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANSA MUSA MASSI, | : | No.  4:CV-06-0034 |
| Plaintiff, | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| UNIT MANAGER D. HOLLENBACH, | : | |
| UNIT MANAGER ADAMI, WARDEN | : | |
| JOSEPH V. SMITH, REGIONAL | : | |
| DIRECTOR D. SCOTT DODRILL, | : | |
| HARREL WATTS, G. LAPPIN, | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

March 2, 2007

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On February 2, 2007, Magistrate Judge Mannion issued a Report and

Recommendation (doc. 37) in the above-captioned matter, recommending that the

Court grant in part and deny in part the Defendants' pending motion to dismiss and

alternative motion for summary judgment, thereby allowing only Plaintiff's claims

of deprivation of rights stemming from improper holding of reading material as

against Defendants Hollenbach and Adami.

The Defendants filed objections to the Magistrate Judge's report on

February 16, 2007.  (Rec. Docs.38 and 39).  Objections to the Magistrate Judge's

report were filed by the Plaintiff on February 26, 2007.  (Rec. Doc. 40).  The

matter is therefore ripe for our review.

## STANDARD OF REVIEW:

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections.  See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. §636(b)(1); Local Rule 72.3l.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge.  See id.  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## PROCEDURAL HISTORY:

The Plaintiff, Mansa Musa Massi ("Plaintiff" or "Massi"), formerly incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania ("USP Lewisburg)[1], commenced the instant action on January 6, 2006, by filing a

---

[1] The Plaintiff is presently incarcerated at the Federal Correctional Institution at Cumberland, Maryland.

complaint pursuant to <u>Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against Warden Joseph Smith, Unit Managers Dean Hollenbach and John Adami, Federal Bureau of Prisons ("BOP") Northeast Regional Director D. Scott Dodrill, BOP National Inmate Appeals Administrator Harrell Watts, and BOP Director Harley G. Lappin.  (Rec. Doc. 1).   In the complaint, Plaintiff, proceeding *pro se*, alleges that the Defendants deprived him of permissible recreational and religious reading material by violating BOP Program Statement ("PS") 5266.10, "Incoming Publications," (Jan. 10, 2003), and violated his religious rights by prohibiting the free exercise of Islam, and that BOP PS 5360.09 "Religious Belief and Practices" (Dec. 31, 2004) violates his religious freedom by not providing enough hot food to Muslim prisoners.  (Rec. Doc. 1).

In response to the complaint, the Defendants moved to dismiss, or, in the alternative, for summary judgment, on May 30, 2006.  (Rec. Doc. 24).  The Defendants raise four main arguments in support of their motion.  First, they contend that they are entitled to summary judgment based upon qualified immunity.  Second, they contend that Defendants Dodrill and Lappin must be dismissed because the allegations against them are based upon the theory of liability of *respondeat superior*.  Third, they contend that Massi lacks standing to bring the claims concerning Islamic diet.  Finally, they contend that the Plaintiff's

claim concerning Islamic religious practice is moot.  (Rec. Doc. 26).  On July 31,

2006, Plaintiff filed a brief in opposition to the Defendants' motion and statement

of facts.  (Rec. Docs. 31 and 32).

**FACTUAL BACKGROUND**:

Plaintiff learned "leather craft" in 1981 while incarcerated at the Federal

Correctional Institution at Talladega, and since that time, he has purchased

numerous leather craft magazines and softcover books.

BOP PS 5266.10, which was issued by then-BOP Director Kathleen Hawk

Sawyer provides that "an inmate may receive softcover publications (for example,

paperback books, newspaper clippings, magazines, and other similar items) only

from the publisher, from a book club, or from a bookstore."  PS 5266.10(6)(a)(2).

If the softcover publication is no longer available from the publisher, a book club,

or a bookstore, the inmate's unit manager may grant the inmate an exception, but

only if "the inmate provide[s] written documentation that the publication is no

longer available from these sources."  PS 5266.10(6)(a)(4).

While incarcerated at USP Lewisburg, Massi attempted to purchase various

old hobbyist magazines and books from the proper sources, but discovered that

they were no longer available for sale.  (Rec. Doc. 1 at 2a).  The Plaintiff gave

documentation from the sources to his unit manager, Defendant Adami.  Defendant

Adami told Massi that he "accepted" the documentation, would process his request, and would issue the Plaintiff "an authorization to receive a package." (Rec. Doc. 1 at 2a).  After the passage of about a month, Massi questioned Defendant Adami about the progress of his request and Adami told him that "he question[ed] the authenticity of the responses from the suppliers."  (Rec. Doc. 1 at 2b).  The Plaintiff filed a request for administrative remedy in response to Defendant Adami's refusal to approve the exception.  Defendants Smith, Dodrill, and Watts upheld Defendant Adami's decision by denying the request.  (Rec. Doc. 1 at 2b).

Later, the Plaintiff was moved to a unit managed by Defendant Hollenbach. (Rec. Doc. 1 at 2b).  He again attempted to receive an exception by presenting Hollenbach with documentation from the book suppliers.  (Rec. Doc. 1 at 2b-2c). Plaintiff alleges that Defendant Hollenbach "refused to even look at" the documentation.  (Rec. Doc. 1 at 2c).  The Plaintiff filed two reqeust for administrative remedy in response to Defendant Hollenbach's refusal to approve the exception.  Defendant Hollenbach's decision was upheld by Defendants Smith, Dodrill, and Watts.

Massi also attempted to receive softcover religious publications from "local, national and international institutions of religious propagation."  (Rec. Doc. 1 at 2,

2c).  Defendant Hollenbach refused to allow the Plaintiff to order the material because it would not come "directly from a bookstore, book club, or publisher." (Rec. Doc. 1 at 2c).  Massi filed a request for administrative remedy in response to Defendant Hollenbach's refusal to allow Massi to order the material.  Defendants Smith, Dodrill and Watts upheld Defendant Hollenbach's decision by denying the request.  (Rec. Doc. 1 at 2c).

While the Plaintiff was incarcerated at USP Lewisburg, Defendant Smith issued a policy prohibiting more than two Muslims from praying together outside the chapel.  (Rec. Doc. 1 at 2).  Violation of the policy subjected the offender to disciplinary proceedings.  (Rec. Doc. 1 at 2c).  Previously, more than two Muslims had been allowed to pray together outside the chapel because the chapel could not accommodate the five daily prayers.  (Rec. Doc. 1 at 2c-2d).  The Plaintiff filed a request for an administrative remedy in response to Defendant Smith's policy. Defendants Dodrill and Watts upheld Defendant Smith's policy by denying the request.  (Rec. Doc. 1 at 2d).

In addition, USP Lewisburg serves inmates on a Muslim diet "all cold raw vegetables," instead of the hot vegetables served to non-Muslim inmates.  (Rec. Doc. 1 at 2d).  The only "warm/hot" food Muslims receive are three to four pieces of kosher meat, which "means that approximately 18 of Muslims' meals are cold

year around," which violates Islamic tenets.  (Rec. Doc. 1 at 2d).  The Plaintiff

claims that the inadequate Muslim diet is served pursuant to PS 5360.09, which

was issued by Defendant Lappin.  (Rec. Doc. 1 at 2d).  However, PS 5360.09 only

provides that the BOP will accommodate special religious diets and does not

provide for the contents of any religious diet.  PS 5360.09(18).

**DISCUSSION**:

Bivens creates no substantive rights, but rather allows "a citizen suffering a

compensable injury to a constitutionally protected interest [to] invoke the general

federal-question jurisdiction of the district court to obtain an award of monetary

damages against the responsible federal official."  Butz v. Economou, 438 U.S.

478, 504 (1978).  A civil rights claim brought under Bivens is the federal

counterpart to an action brought under 42 U.S.C. § 1983, and the same legal

principles governing a §1983 claim apply to a Bivens claim.  Brown v. Philip

Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001); Paton v. LaPrade, 524 F.2d 862,

871 (3d Cir. 1975); Cyrus v. Hogsten, No. 06-2265, 2007 WL 88745, *3 (M.D. Pa.

Jan. 9, 2007).  To state a claim under Bivens, a plaintiff must show that the

defendant, acting under color of federal law, deprived him of a right secured by the

Constitution or laws of the United States.  Brown, 250 F.3d at 800; Cyrus, 2007

WL 88745 at *3.

Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance or approved of it.  C.N. v. Ridgewood Bd. of Educ., 430 F.3d 159, 173 (3d Cir. 2005); Robinson v. City of Pittsburgh , 120 F.3d 1286, 1294 (3d Cir. 1997), abrogated in part on other grounds by Burlington N. & Santa Fe Ry. Co. V. White, – U.S. –, 126 S. Ct. 2405 (2006)(citing Rhode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  A defendant who supervised a malfeasor but did not actually inflict the malfeasance is not liable in a civil rights action on a theory of respondeat superior unless he personally directed or had actual knowledge of and acquiesced in the deprivation.  Personal direction, actual knowledge or acquiescence equal to personal, affirmative involvement for the purposes of liability.  Robinson, 120 F.3d at 1294; Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999); see Richards v. Pennsylvania, 196 Fed. Appx. 82, 85 (3d Cir. 2006)(non precedential)("[V]icarious liability is not available in a Bivens action")(citing Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)(collecting cases); see also Francis v. Dodrill, 2005 U.S. Dist. LEXIS 41412 (M.D. Pa., Sept. 12, 2005)(Munley, J.).


A.   Dismissal of Claims Regarding USP Lewisburg Islamic Prayer Policy and BOP Islamic Meals Policy

At the outset, we note that Plaintiff agrees with the portion of Magistrate

Judge Mannion's report that recommends the Court grant the Defendants' motion to dismiss with respect to Plaintiff's claim of deprivation of rights arising out of the USP Lewisburg Islamic prayer policy as well as his claim of deprivation of rights arising out of the BOP's Islamic meals policy. (Rec. Doc. 40 at 10).

In the report, Magistrate Judge Mannion found that Plaintiff had not alleged a cognizable claim with respect to the prayer policy because he did not allege that the said policy was enforced against him by any prison personnel. With respect to Plaintiff's claim regarding the Islamic meals policy, Magistrate Judge Mannion found that Plaintiff did not identify any of the Defendants as being personally involved in enforcing the policy, and accordingly had not stated a claim for liability against the Defendants.

Accordingly, inasmuch as the Plaintiff has not objected to the portion of Magistrate Judge's report disposing of these claims and because we see no error in the Magistrate Judge's logic or reasoning, we shall adopt Magistrate Judge Mannion's recommendation and grant the Defendants' motion to dismiss on these claims.

B.    Plaintiff's Claims Regarding Deprivation of Reading Material

Magistrate Judge Mannion recommends that the Court deny the Defendants' motion to dismiss with respect to Plaintiff's claim against Defendants Hollenbach

and Adami for deprivation of rights concerning the subject reading material. Magistrate Judge Mannion reasoned that Plaintiff had stated a cognizable claim based on the fact that Plaintiff pleaded that Defendants Hollenbach and Adami refused to grant him an exception to the policy despite the fact that he had met the criteria for receiving the protection of the existing exception.   The Plaintiff obviously does not object to this portion of the Magistrate Judge's report.

The Defendants, however, object to this finding by the Magistrate Judge, and argue that Defendants Hollenbach and Adami are entitled to the defense of qualified immunity, and therefore are entitled to an entry of judgment in their favor on this claim.  Essentially, they disagree with Magistrate Judge Mannion's decision to only consider their motion as a motion to dismiss, and object to his failure to consider their alternative summary judgment arguments.  While we do not find that the Magistrate Judge erred in choosing not to consider the Defendants' alternative arguments, we shall, for the sake of completeness entertain the Defendants' qualified immunity argument as it attends this claim.

Qualified immunity provides government officials that perform discretionary functions a shield from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  See Konopka v. Borough of Wyoming, 383 F. Supp.

2d  666, 674 (M.D. Pa. 2005)(Caputo, J.) (citing <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)).  "To determine whether a particular defendant is entitled to the protections of qualified immunity, the Court must first determine whether a constitutional violation has occurred." <u>Id</u>. (citing <u>Doe v. Groody</u>, 361 F.3d 232, 237 (3d Cir. 2004)).  "The Court must then determine if the constitutional right at issue was clearly established at the time of the alleged violation."  <u>Id</u>. (citing <u>Groody</u>, 361 F.3d at 237).  A Court may properly consider a right "clearly established" where "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987); <u>see also</u> <u>McLaughlin v. Watson</u>, 271 F.3d 566, 571 (3d Cir. 2001).

Within their brief supporting the pending Motion, the Defendants summarily argue that "[t]aking Massi's allegations in the light most favorable to him, the facts alleged fail to show the Defendants' conduct violated any constitutional right. Defendants acted in accordance with BOP's written policies and within the scope of their employment . . . [and therefore] are entitled to qualified immunity."

The thrust of the Defendants' argument is that the documentation supplied to Defendants Adami and Hollenbach by Massi was not the appropriate type of documentation necessary to support an exception to PS 5266.10.  Within the

statement of material facts submitted by the Defendants, they allege that the

documentation came not from the publisher directly, but, as the Defendants recall,

were received from Massi's mother or other family member.  Massi denies that any

of the written documentation submitted by him was mailed to him by his mother or

other family members.  In support of Plaintiff's allegations, he filed as exhibits

*seven* letters, five handwritten and two typed, all on the letterhead of various

leather craft vendors, that indicate the publications he requested are no longer

being carried by them for distribution.  (Rec. Doc. 31, Ex. F, G, H, J, K, L, M).

PS 5266.10 is codified at 28 C.F.R. § 540.71 and states, in pertinent part:

(a)(2) At medium security, high security, and administrative institutions, an
inmate may receive softcover publications . . . only from the publisher, from
a book club, or from a bookstore . . .

(4) The Unit Manager may make an exception to the provision of paragraph
[(a)(2)] of this section if the publication is no longer available from the
publisher, book club, or bookstore.  The Unit Manager shall require that the
inmate provide written documentation that the publication is no longer
available from these sources . . .

As is evident from our reading of the various denials of Plaintiff's request for an

exception pursuant to §540.71(a)(4) (doc. 31, exs. A, B, E, N, O, P, Q, R), all of

the Defendants who denied Plaintiff's requested exception indicated that

§540.71(a)(4) required that the documentation that the books were no longer

available be sent directly from the publisher.  However, a fair reading of paragraph

(a)(4) does not implicate such a restriction, but merely requires the individual to provide the Unit Manager with written documentation that the publication is no longer available from the publisher, book club or book store.  It appears to us that Massi did just that.  With respect to the leather craft books, Massi provided the Defendants with no less than *seven* letters from distributers of leather craft hobby books that the requested publications were no longer in print.

Now turning to the two-part qualified immunity test, we find that the analysis of the above-referenced facts and the appropriate interpretation of §540.71 indicates, as Magistrate Judge Mannion also found, that the Plaintiff has sufficiently stated a constitutional claim against Defendants Adami and Hollenbach.  Furthermore, Defendants Dodrill, Smith and Watts all reviewed Plaintiff's administrative grievance regarding the exception denial, and each upheld Defendants Adami and Hollenbach's denials. Unlike Magistrate Judge Mannion, we find that this conduct rises to the level of personal involvement, knowledge or acquiescence required to support a finding of liability in a <u>Bivens</u> action.  Next, we find that the language of §540.71 clearly delineates Plaintiff's rights as it relates to incoming publications.  Based on the factual record before us, we find it inappropriate to grant the Defendants the shield of qualified immunity with respect to this claim made by Plaintiff, inasmuch as we believe a genuine

issue of material fact exists as to whether the documentation submitted by Plaintiff was appropriate to avail him of the exception.

Accordingly, we shall deny the Defendants' Motion with respect to Plaintiff's claim of deprivation of rights for refusal to grant him an exception to PS 5266.10 as against Defendants Adami, Hollenbach, Dodrill, Watts and Smith.[2] Defendant Lappin is alleged by the Plaintiff only to have signed PS 5266.10, thereby implementing it as a BOP policy.  Such conduct is clearly not "personal involvement" to support liability in a <u>Bivens</u> action, and the complaint shall be dismissed as against Defendant Lappin for failure to state a claim upon which relief can be granted.

## <u>CONCLUSION</u>:

Therefore, for the foregoing reasons, we shall adopt the Magistrate Judge's report in part and reject it in part to the following extent: we shall grant the motion to dismiss and dismiss the plaintiff's complaint as against all Defendants with respect to the Plaintiff's claim of a deprivation of rights arising out of USP Lewisburg's Islamic prayer policy and the BOP's Islamic meals policy and we

---

[2] As previously noted, we recognize that by so holding we depart from Magistrate Judge Mannion's recommendation, as is our entitlement, that Defendants Dodrill, Smith and Watts be dismissed due to lack of personal involvement on this claim.  Our view of the Plaintiff's claim is clearly different, and we do find that sufficient personal involvement, in the form of denial of administrative appeals, exists to support a denial of the motion.

shall deny the Defendants' motion to dismiss as against Defendants Hollenbach, Adami, Smith, Dodrill, and Watts with respect to Plaintiff's claims of deprivation of his rights arising out of the alleged violations of BOP PS 5266.10.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Mannion's Report and Recommendation (doc. 37) is ADOPTED in part and REJECTED in part for the reasons stated hereinabove.

2. The Defendants' Motion to Dismiss (doc. 24) is GRANTED with respect to Plaintiff's claims of a deprivation of rights arising out of the BOP's Islamic meals policy and USP Lewisburg's Islamic Prayer Policy.

3. Plaintiff's claims of deprivation of rights arising out of the BOP's Islamic meals policy and USP Lewisburg's Islamic Prayer Policy are DISMISSED as against all Defendants.

4. The Defendants' Motion to Dismiss (doc. 24) is DENIED with respect to Plaintiff's claims of a deprivation or rights arising out of an alleged violation of BOP PS 5266.10 as against Defendants Adami, Hollenbach, Smith, Dodrill and Watts and GRANTED as against Defendant Lappin.

5.      Plaintiff's claims of a deprivation or rights arising out of an alleged

        violation of BOP PS 5266.10 as against Defendant Lappin is

        DISMISSED.

6.      The Clerk shall terminate Defendant Lappin as a party to this action.

7.      This matter is REMANDED to Magistrate Judge Mannion for further

        pre-trial proceedings.


                                        s/ John E. Jones III
                                        John E. Jones III
                                        United States District Judge